UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIO GODHIGH,

    Petitioner,

v.                                          Case No:  3:22-cv-618-BJD-PDB

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Mario Godhigh, an inmate of the Florida penal system, initiated this action by filing a document titled, "Petition for Writ of Mandamus" (Doc. 1). Petitioner has not paid the filing fee or moved to proceed as a pauper. He asks the Court to direct the Florida Department of Corrections (FDOC) to release him from close management status because he is not violent and "confinement [is] bothering [him] mentally[,] physically[,] and emotionally." Petitioner also notes that he is now taking psychiatric medications, including Prozac.

A federal court may issue a mandamus order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A person seeking mandamus relief must demonstrate (1) he has a clear right to the relief he seeks, (2) the defendant

owes him a clear duty, and (3) he has no adequate remedy, meaning he "has exhausted all other avenues of relief." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003). The purpose of mandamus relief is to "enforce a right [that] has already been established," not to establish a legal right. Davis v. United States, 558 F. App'x 898, 901 (11th Cir. 2014) (quoting United States v. Nordbye, 75 F.2d 744, 746 (8th Cir. 1935)).

The sole named Respondent, the Secretary of the FDOC, is not a federal officer. As such, the Court lacks jurisdiction to entertain Petitioner's petition. See, e.g., Lamar v. 118th Judicial Dist. Court of Tex., 440 F.2d 383, 384 (5th Cir. 1971) ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties."); Lawrence v. Miami-Dade Cnty. State Att'y Office, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.").

Additionally, Plaintiff is advised that district courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement. Young v. Wainwright, 449 F.2d 338, 339 (5th Cir. 1971) ("Classification of inmates is a matter of prison administration and

2

management with which federal courts are reluctant to interfere except in extreme circumstances."). If Petitioner believes corrections officials have violated his rights—constitutional, or otherwise—he should pursue any available remedies through the prison grievance procedure or through a civil rights action, as appropriate.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Mario Godhigh